NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| OSCAR ELISEO MEDELIUS-RODRIGUEZ, | |
| Plaintiff, | Civil Action No. 07-4039 (DMC) |
| v. | O P I N I O N |
| UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES, et al., | |
| Defendants. | |

APPEARANCES:

Oscar Eliseo Medelius-Rodriguez, Pro Se
ID: 242053
Wake County Jail
P.O. Box 2419
Raleigh, NC 27602

CAVANAUGH, District Judge

Plaintiff Oscar Eliseo Medelius-Rodriguez, a prisoner currently confined at the Wake County Jail, Raleigh, North Carolina, seeks to bring this action in forma pauperis pursuant to Bivens v. Six Unknown Fed. Narcotics Agents, 403 U.S. 388 (1971), alleging violations of his constitutional rights, and under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2671-80. Based on his affidavit of indigence and the absence of three qualifying dismissals within 28 U.S.C. § 1915(g), the Court will grant Plaintiff's application to proceed in forma pauperis

pursuant to 28 U.S.C. § 1915(a) and order the Clerk of the Court to file the Complaint.

Having reviewed the complaint to identify cognizable claims as required under 28 U.S.C. § 1915(e)(2), the Court concludes that Plaintiff's Bivens claims should be dismissed with prejudice for failure to state a claim upon which relief may be granted, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Plaintiff's FTCA claims will be dismissed, without prejudice.

## BACKGROUND

Plaintiff, a citizen of Peru, is currently being detained in North Carolina, awaiting extradition. His 36-page complaint outlines the history of his immigration case.

Plaintiff asks for relief under Bivens, stating that his Fourth Amendment "expectation of privacy" was violated, and various statutes and regulations were violated, when the Vermont Service Center of Citizenship and Immigration Services ("CIS") disclosed Plaintiff's location to INTERPOL[1] in August 2003. (Complaint, pp. 8, 15). Plaintiff states that INTERPOL passed the information on to Peruvian authorities. (Complt., p. 8). Assumingly as a result of this disclosure, Peru began extradition proceedings against Plaintiff in November of 2004. (Complt., p. 9).

---

[1] "INTERPOL" is the common name of the International Criminal Police Organization.

2

Plaintiff argues that there has been a civil conspiracy to obtain his extradition to Peru (Complt., p. 14). In support of his argument that there exists a conspiracy to obtain his extradition, Plaintiff notes the following facts: "disclosure of Plaintiff's location to INTERPOL practically simultaneously with U.S. Senate Ratification of Extradition Treaty [with Peru]"; "defective referral notice to immigration court on October 28, 2004 practically simultaneous with Peruvian Extradition Request"; "delays to take a decision in asylum petition and employment authorization renewal"; and the entry of an immigration detainer order "with 'false' overstay only with the purpose to prejudice defense of plaintiff in extradition." (Complt., p. 17).

Plaintiff also argues that the decision denying him asylum was "irrational" and even if it was correct, Plaintiff states that he did not have an opportunity to respond, in violation of due process. (Complt., pp. 19-20). Plaintiff continues to assert that his asylum arguments were meritorious, and that employees of the government "refused to analyze Plaintiff's evidence and argument. It was easier to wait [until the entry] into force of the extradition treaty." (Complt., pp. 21-24).

Plaintiff further contends that his right to effective assistance of counsel was violated in the course of his immigration proceedings (Complt., p. 26), and that federal laws

3

were violated when his private information was disclosed to INTERPOL (Complt., pp. 29-30).

Plaintiff asserts that the claims he grieves in his complaint warrant a remedy under the FTCA. (Complt., pp. 30-34).

Finally, Plaintiff asks for declaratory and monetary relief. He summarizes that the following actions by defendants violated the Constitution or federal laws and regulations of the United States:

- misuse of asylum application;
- violation of expectation of privacy;
- concealed decisions in asylum proceedings;
- issued notice to appear with false cause;
- moved plaintiff from marshal's custody to DHS's custody affecting his legal defense;
- acted or failed to act according with the precedent in asylum cases;
- contributed to extradition through unconstitutional and unlawful means;
- obstructed the normal life of plaintiff blocking his possibilities of success in the United States and the loss of property;
- promoted his deprivation of liberty.

(Complt., p. 34). Plaintiff names as defendants the United States Citizenship and Immigration Service ("CIS") and "Several Unknown Named Employees of the United States Government." In his description of the "several unknown" employees, Plaintiff states that they are "federal agents (officers and/or employees) who it is indicated by the records of the USCIS (formerly INS) are linked to the Plaintiff's asylum application." (Complt., p. 3). On October 1, 2007, Plaintiff filed a motion to name "Ms. T.

Diane Cejka" as a defendant. According to Plaintiff, Ms. Cejka is the Director of the National Records Center- Freedom of Information Act ("FOIA") Division of the CIS.

## DISCUSSION

### A. Standard of Review

In 1996, Congress enacted the Prison Litigation Reform Act ("PLRA"), Title VIII of the Omnibus Consolidated Rescissions and Appropriations Act of 1996, Pub. L. No. 104-134, 110 Stat. 1321 (April 26, 1996). Congress's purpose in enacting the PLRA was "primarily to curtail claims brought by prisoners under 42 U.S.C. § 1983 and the Federal Torts Claims Act ... many of which are routinely dismissed as legally frivolous." Santana v. United States, 98 F.3d 752, 755 (3d Cir. 1996).

A crucial part of the congressional plan for curtailing meritless prisoner suits is the requirement, embodied in 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b), that a court must dismiss, at the earliest practicable time, any prisoner actions that are frivolous, malicious, fail to state a claim, or seek monetary relief from a defendant who is immune from such relief. In determining the sufficiency of a pro se complaint, the Court must be mindful to construe it liberally in favor of the plaintiff. Haines v. Kerner, 404 U.S. 519, 520-21 (1972); United States v. Day, 969 F.2d 39, 42 (3d Cir. 1992). The Court must "accept as true all of the allegations in the complaint and all reasonable

5

inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff." Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997). The Court need not, however, credit a pro se plaintiff's "bald assertions" or "legal conclusions." Id.

A pro se complaint may be dismissed for failure to state a claim only if it appears "'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Haines, 404 U.S. at 521 (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Milhouse v. Carlson, 652 F.2d 371, 373 (3d Cir. 1981).

B.  **Plaintiff's *Bivens* Claims**

In Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388, 389 (1971), the Supreme Court held that a violation of the Fourth Amendment by a federal agent acting under color of his authority gives rise to a cause of action against that agent, individually, for damages. The Supreme Court has also implied damages remedies directly under the Eighth Amendment, see Carlson v. Green, 446 U.S. 14 (1980), and under the equal protection component of the Fifth Amendment's Due Process Clause, see Davis v. Passman, 442 U.S. 228 (1979).

A Bivens claim may not be asserted against a federal agency, such as the CIS, or against federal officers in their official capacities. The United States has sovereign immunity except

where it consents to be sued. See United States v. Mitchell, 463 U.S. 206, 212 (1983). In the absence of such a waiver of immunity, Plaintiff cannot proceed in an action for damages against the United States or an agency of the federal government for alleged deprivation of a constitutional right, see FDIC v. Meyer, 510 U.S. 471, 484-87 (1994), or against any of the individual defendants in their official capacities, see Kentucky v. Graham, 473 U.S. 159, 166 (1985) (a suit against a government officer in his or her official capacity is a suit against the government). This Court is aware of no such waiver of immunity with respect to the CIS and Plaintiff has not asserted any. A Bivens-type action seeking damages from the defendant "unknown employees of the United States government," is an action against them in their individual capacities only. See, e.g., Armstrong v. Sears, 33 F.3d 182, 185 (2d Cir. 1994); Johnston v. Horne, 875 F.2d 1415, 1424 (9th Cir. 1989). Thus, this action truly asserts Bivens claims only against the unknown United States employees in their individual capacities.

While in theory, Plaintiff could bring Bivens claims against the individual federal officers, this Court need not address the merits of Plaintiff's Bivens claims because Plaintiff has not sufficiently identified which individual defendants he intends to sue or stated a claim against the unknown defendants. The Court of Appeals for the Third Circuit has held that a plaintiff cannot

7

maintain an action solely against unnamed parties (i.e., John Doe defendants). See Hindes, 137 F.3d at 155, 159 (citing Scheetz v. Morning Call, Inc., 747 F. Supp. 1515, 1534-35 (E.D. Pa. 1990)). "[S]uch actions [however] have been allowed where the plaintiff is able to identify the John Doe defendant sufficiently to enable his or her naming at a later date." Pecarsky v. Marina Assoc., 107 F.R.D. 107, 109 (D.N.J. 1985).

Such is not the case here, as Plaintiff has failed to adequately identify the unknown defendants and, because there are no specific allegations brought against the unknown defendants and no description provided of these defendants in the complaint (other than that they are "linked" to his asylum application), there is little indication that Plaintiff would be able to identify the unknown defendants at a later date. However, even if the identities of the unnamed individuals were later determined, the claims would have to be dismissed because Plaintiff fails to make any specific allegations against any unknown defendant, except to state that his asylum application was not processed in accordance to his liking. As such, Plaintiff has failed to allege facts relating to any unknown defendant that would be sufficient to put that defendant on notice of the type of relief Plaintiff seeks against that defendant, nor that such a claim could have merit. Thus, the

complaint will be dismissed, without prejudice, as to the unknown defendants.

With regard to Plaintiff's request to amend his complaint to name "Ms. T. Diane Cejka" as a defendant in his <u>Bivens</u> claims, Plaintiff fails to state a claim upon which relief may be granted. As gleaned from attachments to Plaintiff's request to amend his complaint to add Ms. Cejka as a defendant, Plaintiff appears to argue that his FOIA request is not being handled efficiently and in a proper manner. Plaintiff names this defendant but does not assert facts indicating that she has violated his rights; rather, she is the person who signed letters to Plaintiff informing him that his FOIA request was being processed. Plaintiff's request to amend his complaint to name Cejka as a defendant is thus denied, as he has not alleged facts indicating any constitutional violations by her.

**C.   <u>Plaintiff's Claims under the Federal Tort Claims Act</u>**

Plaintiff contends that the defendants are liable under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2671-80. "It is elementary that '[t]he United States, as sovereign, is immune from suit save as it consents to be sued . . . and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit.'" <u>United States v. Mitchell</u>, 445 U.S. 535, 538 (1980) (quoting <u>United States v. Sherwood</u>, 312 U.S. 584, 586 (1941)); <u>Federal Deposit Ins. Corp. v. Meyer</u>, 510

9

U.S. 471, 475 (1994). Congress waived sovereign immunity under certain circumstances in the FTCA. The FTCA gives a district court:

> exclusive jurisdiction of civil actions on claims against the United States, for money damages . . . for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

28 U.S.C. § 1346(b); see United States v. Muniz, 374 U.S. 150 (1963); Deutsch v. United States, 67 F.3d 1080, 1091 (3d Cir. 1995). Cognizable claims under 28 U.S.C. § 1346(b) include those that are:

> [1] against the United States, [2] for money damages, . . . [3] for injury or loss of property, . . . [4] caused by the negligent or wrongful act or omission of any employee of the Government [5] while acting within the scope of his office or employment, [6] under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

Deutsch, 67 F.3d at 1091 (quoting 28 U.S.C. § 1346(b)); see also Federal Deposit Ins. Corp. v. Meyer, 510 U.S. at 477; United States v. Muniz, 374 U.S. 150 (1963).[2]

---

[2] The only proper defendant in an FTCA claim is the United States. See 28 U.S.C. 1346(b)(1). However, pursuant to the FTCA, the United States shall be substituted as a defendant for an employee in any common law tort action if the employee was

10

The FTCA bars a claimant from bringing suit in a district court unless he has first exhausted administrative remedies. See 28 U.S.C. § 2675(a); see also McNeil v. United States, 508 U.S. 106 (1993); Deutsch v. United States, 67 F.3d 1080, 1091 (3d Cir. 1995). Specifically, 28 U.S.C. § 2675(a) provides:

> An action shall not be instituted upon a claim against the United States for money damages . . . unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail.

Additionally, a tort claim against the United States is time-barred unless a claimant presents the claim in writing to the appropriate Federal agency within two years after the claim accrues, and files the action in the district court within six months of notice by certified or registered mail of a final decision of the claim by the agency to which it was presented. See 28 U.S.C. § 2401(b); Pascale v. United States, 998 F.2d 186, 190 (3d Cir. 1993). The requirements that a claimant timely present his claim and that he do so in writing for a sum certain

---

acting within the scope of his or her employment. See 28 U.S.C. § 2679(d)(1). The Attorney General may file a certification that the defendant employee was acting within the scope of his employment at the time of the alleged incident. See 28 U.S.C. § 2679(d)(1); see also Melo v. Hafer, 13 F.3d 736, 747 (3d Cir. 1994). Upon such certification, the action shall be deemed an action against the United States, and the United States shall be substituted as a party defendant. See id.

11

are jurisdictional prerequisites to a suit in the district court. Deutsch, 67 F.3d at 1091.

In this case, Plaintiff has not asserted clear violations that would render liability under the FTCA. However, despite this fact, Plaintiff has not alleged facts indicating that he has attempted any sort of administrative exhaustion of his FTCA claims. Thus, Plaintiff's FTCA claims will be dismissed, without prejudice.

**D.    Plaintiff's Claims Regarding His Asylum Application**

Plaintiff argues that his asylum application is being mishandled, that he was denied ineffective assistance of counsel at his asylum hearing, that his asylum claims were meritorious, and that there was a conspiracy against him by the passing of the extradition agreement between Peru and the United States.

Plaintiff has already filed a habeas petition in the United States District Court for the Eastern District of North Carolina asserting that his extradition is unconstitutional, in violation of international law, and that he should be excepted from extradition because of the "political offense exception" to the Extradition Treaty. The District Court reviewed these claims and found them to be without merit. See Medelius-Rodriguez v. United States, et al., Docket No.: 5:06-HC-2123-D (E.D.N.C.).

Furthermore, Plaintiff has raised the issues regarding the constitutionality of his extradition order and the release of

information to INTERPOL in a pending habeas petition under 28 U.S.C. § 2241, also filed in the Eastern District of North Carolina in Medilius-Rodriguez v. Reavis, et al., Docket No.: 5:07-HC-2190-H (E.D.N.C.).

This Court finds that, as these claims are asserted in a habeas petition which is pending in the proper District Court in the district in which Plaintiff is confined, they are not properly raised here in this Bivens action and will be dismissed.

## CONCLUSION

For the foregoing reasons, this Court finds that Plaintiff's complaint will be dismissed, for failure to state a claim upon which relief may be granted, pursuant to 28 U.S.C. § 1915. The dismissal of Plaintiff's FTCA claims are without prejudice.

An appropriate Order accompanies this Opinion.

DENNIS M. CAVANAUGH
United States District Judge